IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MANITTO TECHNOLOGIES, L.L.C., | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:14-cv-1112-RWS |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Jaguar Land Rover North America, LLC ("JLRNA"), by and through the undersigned counsel, responds to Plaintiff Manitto Technologies, L.L.C.'s ("Manitto" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES

1. JLRNA lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 1, and on that basis, denies them.

2. JLRNA admits that it is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 555 MacArthur Boulevard, Mahwah, New Jersey 07430. JLRNA admits that its registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. JLRNA admits that the Complaint purports to assert claims of patent infringement and that this Court has subject matter jurisdiction over disputes arising under the patent laws, but JLRNA denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement.

4. Paragraph 4 contains a legal conclusion to which no response is required by JLRNA. JLRNA admits that it markets JLRNA vehicles through its dealers in this judicial district. JLRNA denies that it has committed acts of infringement in this or any other judicial district.

5. Paragraph 5 contains a legal conclusion to which no response is required by JLRNA. JLRNA admits that it markets JLRNA vehicles through its dealers in this judicial district. JLRNA denies that it has committed acts of infringement in this or any other judicial district. JLRNA denies the remaining factual allegations of Paragraph 5.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,900,825

6. JLRNA lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6, and on that basis, denies them.

7. JLRNA lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 7, and on that basis, denies them.

8. Denied.

9. Denied.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT AND WILLFUL INFRINGEMENT

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## JURY DEMAND

Plaintiff's demand for a jury trial does not require a response from JLRNA. JLRNA also demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

JLRNA denies that Plaintiff is entitled to any of the relief it requests in its Prayer for Relief or any other relief in this action. JLRNA requests entry of judgment in its favor and against Plaintiff. JLRNA also requests that the Court award it such other and further relief as the Court may deem just and proper, including its reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

JLRNA asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without admitting or denying it bears the burden of proof as to any of them. These additional defenses are based on the facts and information currently known to JLRNA. JLRNA reserves the right to amend or add additional defenses, including instances of inequitable conduct, based on the facts later discovered, pled or offered.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

The subject matter of U.S. Patent No. 5,900,825 does not meet the requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and is therefore invalid, void, or unenforceable.

**Third Affirmative Defense**
**(Non-Infringement)**

JLRNA has not and does not infringe any valid claim of U.S. Patent No. 5,900,825, either directly or indirectly, literally or under the doctrine of equivalents.

**Fourth Affirmative Defense**
**(35 U.S.C. § 286)**

Plaintiff's recovery for alleged infringement of U.S. Patent No. 5,900,825, if any, is limited by 35 U.S.C. § 286 to any alleged infringement committed no more than six years prior to the filing of its Complaint.

**Fifth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

Dated: February 20, 2015

Respectfully submitted,

*<u>/s/ Matthew D. Satchwell</u>*
Matthew D. Satchwell
Illinois Bar No. 6290672
**DLA Piper LLP**
203 N. LaSalle St., Suite 1900
Chicago, IL 60601-1293
312.368.2111 – Office
312.236.7516 – Facsimile
matthew.satchwell@dlapiper.com

Dawn M. Jenkins
State Bar No. 24074484
**DLA Piper LLP**
1000 Louisiana, Suite 2800
Houston, Texas 77002
713.425.8454 – Office
713.300.6054 – Facsimile
Dawn.Jenkins@dlapiper.com

**ATTORNEYS FOR DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on February 20, 2015, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Matthew D. Satchwell*
Matthew D. Satchwell